# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROMAN TRICE, | ) |
| | ) |
|               Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 10-CV-01250-FJG |
| WAL-MART STORES, INC. | ) |
| | ) |
|               Defendant. | ) |

## **ORDER**

Pending before the Court is plaintiff's Motion to Remand under 28 U.S.C. § 1447 (Doc. No. 5).

**I.    BACKGROUND**

Plaintiff filed a Petition for Damages in Jackson County Circuit Court on June 12, 2010, in which he sought "fair and reasonable damages of less than $75,000.00." Plaintiff filed an Amended Petition for Damages on June 23, 2010, but failed to serve defendant with the Amended Petition. The Amended Petition sought "fair and reasonable damages," but omitted a nominal amount in the prayer for relief. Plaintiff did not provide defendant with the Amended Petition until October 20, 2010.[1]

Unable to ascertain the amount in controversy, defendant served a request for admission on plaintiff to obtain legal certainty on the issue of jurisdictional amount. Plaintiff filed a responsive pleading on November 18, 2010, indicating that plaintiff's damage claim satisfied the jurisdictional amount for removal to federal court. Defendant

---

[1] Defendant was initially served with plaintiff's Petition for Damages on July 6, 2010. Due to plaintiff's counsel's oversight, defendant was not served with the Amended Petition for Damages upon filing in Circuit Court. After reviewing the case file on or about October 20, 2001, plaintiff's counsel realized that he had failed to provide defendant with the Amended Petition, at which time he sent an electronic copy to defendant's counsel.

removed the action on December 15, 2010, based on diversity jurisdiction under 28 U.S.C. §1332(c). Plaintiff Roman Trice is a resident of Missouri. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having authority to only decide cases that the Constitution and Congress have empowered them to resolve. 28 U.S.C. §1441(a) permits any civil action over which the district court has original jurisdiction to be removed from state to federal court. However, where plaintiff moves to remand a case that has been removed to federal court:

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See, e.g., Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assur. Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tenn. Inc., 869 F.Supp. 745, 746 (E.D. Mo. 1994).

Williams v. Safeco Insur. Co. of Am., 74 F. Supp. 2d 925, 928 (W.D. Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Dev. Inc. v. Cent. Neb. Pub. Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, at *2 (D. Neb. Oct. 11, 2005) (citing Shamrock Oil & Gas Corp., 313 U.S. at 107-09).

## III. DISCUSSION

Under 28 U.S.C. § 1446(b), a notice of removal "may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiff alleges defendant failed to file its Notice of Removal within thirty (30) days of when it first could have ascertained that plaintiff's case had become removable. Plaintiff argues defendant could have known the case was removable on October 20, 2010, when plaintiff provided defendant a copy of the Amended Petition. Since the Amended Petition did not specify the amount of damages sought, plaintiff argues, defendant could have ascertained plaintiff's intent to seek damages in excess of $75,000.00.

The Court disagrees. Defendant could not have ascertained with any degree of legal certainty that plaintiff sought damages in excess of $75,000.00, merely due to plaintiff's omission of a nominal amount in the Amended Petition. See Workman v. Kawasaki Motors Corp., U.S.A., 749 F. Supp. 1010, 1011 (W.D. Mo. 1990) (explaining court will remand case unless it concludes to a legal certainty that jurisdictional amount is satisfied). Defendant appropriately sought to clarify the jurisdictional amount prior to removing the case to federal court. Defendant first ascertained the case was removable upon receipt of plaintiff's response to defendant's request for admission on November 18, 2010. Since defendants removed the case on December 15, 2010, the removal was timely under 28 U.S.C. § 1446(b).

## IV. CONCLUSION

Defendant's Notice of removal was timely and jurisdiction is proper in federal court pursuant to §§ 1332 and 1441, and §1446.  Accordingly, plaintiff's Motion to Remand (Doc. No. 5) is **DENIED**.

**IT IS SO ORDERED.**

Date:  02/17/11                            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                Fernando J. Gaitan, Jr.
                                             Chief United States District Judge